**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| DEBORAH FULLER, et. al., | |
| Plaintiffs, | Civil Action No. |
| v. | 2:17-CV-07877-ES-SCM |
| INSYS THERAPEUTICS, INC., et. al., | **PLAINTIFFS' MOTION TO REMAND** |
| Defendants. | **[D.E. 3]** |

**REPORT AND RECOMMENDATION**

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiffs Deborah Fuller and David Fuller's ("the Fullers") motion to remand.[1] Defendant Insys Therapeutics, Inc. ("Insys"), opposed the motion,[2] and the Fullers filed a reply.[3] The Honorable Esther Salas, United States District Judge referred this motion to the undersigned for report and recommendation.[4] The Court has reviewed the parties' respective submissions and heard oral argument on January 5, 2018. For the reasons set forth herein, the undersigned respectfully recommends that the Fullers' motion to remand be **DENIED**.

---

[1] (ECF Docket Entry ("D.E.") 3, Pls.' Mot. to Remand).

[2] (D.E. 4, Def.'s Opp'n). Prior to settling with the Fullers, the other Defendant in this matter, Linden Care, LLC, did not file an opposition.

[3] (D.E. 5, Pls.' Reply).

[4] L. Civ. R. 72.1(a)(2).

I.  **BACKGROUND AND PROCEDURAL HISTORY**[5]

This is a wrongful death action arising out of Defendants Insys and Linden Care's alleged negligence and misrepresentations regarding the drug Subsys.[6] According to the Complaint, the Food and Drug Administration required that prescribers and dispensers of Subsys certify their understanding that Subsys is only for "breakthrough pain" in cancer patients.[7] Insys allegedly lead Vivienne Matalon, M.D. ("Dr. Matalon"), to prescribe Subsys to the decedent, Sarah Fuller ("Sarah"), despite the fact that Sarah did not have cancer.[8] Linden Care dispensed Subsys to Sarah, who eventually experienced adverse reactions to the drug, which ultimately led to her death.[9]

On March 23, 2017, the administrators of Sarah's estate filed suit for wrongful death in the Superior Court of New Jersey, against Insys, Dr. Matalon, her practice, TLC Healthcare2, LLC, and Linden Care, the pharmacy who dispensed the medication.[10] On September 28, 2017, the parties filed a stipulation of dismissal in state court, dismissing Dr. Matalon and TLC Healthcare2 from the case, with prejudice.[11]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1-1, Pls.' Compl., at ¶ 62).

[7] (D.E. 1-1, Pls.' Compl., at ¶ 16).

[8] (D.E. 1-1, Pls.' Compl., at ¶ 17).

[9] (D.E. 1-1, Pls.' Compl., at ¶¶ 53–54).

[10] (D.E. 1-1, Pls.' Compl., at ¶¶ 4–11).

[11] (D.E. 1, Notice of Removal, at ¶ 9).

On October 4, 2017, Insys filed a Notice of Removal alleging diversity jurisdiction.[12] The Fullers are citizens of New Jersey,[13] whereas Insys is a Delaware corporation with its principal place of business in Arizona.[14] Linden Care is a limited liability company comprised of two members, both of which are Delaware corporations.[15] On January 3, 2018, Linden Care advised the Court that it had settled with the Fullers.[16]

The Fullers filed their motion to remand on October 11, 2017, arguing that the Court should decline jurisdiction in this matter, because, among other things, that an "indispensable" state case, *Matalon v. Insys Therapeutics, Inc., et al.*, requires adjudication of both cases at the state level.[17] The Fullers insist that the state cases were in the process of consolidation, but consolidation did not occur before Insys filed its Notice of Removal.[18] In response, Insys maintains that this Court properly has diversity jurisdiction over this matter and that the Fullers' arguments for abstention of jurisdiction do not apply in this case.[19]

---

[12] (D.E. 1, Def.'s Notice of Removal).

[13] (D.E. 1, Notice of Removal, at ¶ 5).

[14] (D.E. 1, Notice of Removal, at ¶ 6).

[15] (D.E. 1, Notice of Removal, at ¶¶ 7–8).

[16] (D.E. 14, Linden Care Letter).

[17] (D.E. 3, Pls.' Mot. to Remand).

[18] (D.E. 3-2, Pls.' Br., at ¶ 14).

[19] (D.E. 4, Def.'s Opp'n).

## II.     LEGAL STANDARD

Under our jurisprudence, a defendant may remove a civil action brought in state court to the proper federal district court with original jurisdiction.[20] Removal requires an independent ground for subject-matter jurisdiction such as diversity jurisdiction,[21] through which, the Court has original jurisdiction to hear claims where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of state citizenship between the parties.[22] "Generally, a defendant's plausible allegations regarding the amount in controversy will suffice, but if the plaintiff contests or the court questions those allegations, evidence establishing the amount is required."[23]

When there is an alleged defect in the removal procedure or a lack of subject matter jurisdiction, a party may move to remand the issue back to state court.[24] The Third Circuit directs its courts to strictly construe 28 U.S.C. §1441 against removal and to resolve all doubts in favor of remand.[25] The Court must assume "that federal courts lack jurisdiction unless the contrary

---

[20] *See* 28 U.S.C. § 1441(a).

[21] *Id.*

[22] *See* 28 U.S.C §1332(a)(1).

[23] *Leff v. Belfor USA Group, Inc.*, No. 15-2275, 2015 WL 3486883, at *2 (D.N.J. June 1, 2015)(internal quotation marks omitted).

[24] *See* 28 U.S.C §1447(c).

[25] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

appears affirmatively from the record."[26] As a result, "the burden is on the removing party to show the case belongs in federal court."[27]

### III. DISCUSSION

With those principles in mind, it is difficult to discern the Fullers' arguments in support of remand. After a review of the Fullers' briefs and the cases therein, the Fullers seem to concede that this Court has subject matter jurisdiction over this matter.[28] The Fullers then confuse and conflate a number of legal principles, such as *forum non conveniens*, required joinder, pendant jurisdiction, and the *Brillhart-Wilton* and *Colorado River* abstention doctrines, to maintain that this case warrants remand.[29] In response, Insys contends that this Court has diversity jurisdiction and that the Fullers' arguments are wholly without merit. The Court agrees with Insys.

Turning first, to whether the Court has subject matter jurisdiction, a review of the record reveals that the Plaintiffs are diverse from the remaining Defendant, and that the amount in controversy exceeds $75,000.00.[30] As set forth in the Notice of Removal and Complaint, the Fullers are citizens of New Jersey.[31] In contrast, the remaining defendant, Insys, is a Delaware

---

[26] *DeJoseph v. Continental Airlines, Inc.*, 18 F. Supp. 3d 595, 598 (D.N.J. 2014)(quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[27] *Constantino v. Cont'l Airlines, Inc.*, No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[28] (D.E. 3-2, at ¶ 8).

[29] (D.E. 3-2, Pls.' Br., at 12–15).

[30] 28 U.S.C. 1332(a).

[31] (D.E. 1, Notice of Removal, at ¶ 5).

corporation with its principal place of business in Arizona, and is accordingly a citizen of the States of Delaware and Arizona.[32]

Although the Fullers had originally sued two other defendants, Dr. Matalon and her practice TLC Healthcare2, both New Jersey citizens, the Fullers dismissed with prejudice both of these defendants.[33] The Fullers do not contest any of these allegations, and consequently, complete diversity now exists in this matter.[34] With regard to the $75,000.00 jurisdictional minimum, the Fullers seek damages for the death of Sarah Fuller, which satisfies the jurisdictional minimum.[35] Taken together, the Court finds that it has diversity jurisdiction.

Turning then, to whether the Court should decline jurisdiction, the Fullers first argue that *forum non conveniens* warrants remand of this case.[36] The doctrine of *forum non conveniens*, however, "is a basis for a defendant to move for dismissal of an action, not for a plaintiff to challenge removal of an action."[37] "*Forum non conveniens* grants relief to a defendant 'when an

---

[32] (D.E. 1, Notice of Removal, at ¶¶ 6–8). Prior to settling with the Fullers, the other remaining Defendant, Linden Care, is a limited liability company comprised of two members, both of which are Delaware corporations, and affirmed that it has no New Jersey Members.

[33] (D.E. 1, Notice of Removal, at ¶ 9).

[34] *See e.g.*, *Lincoln Ben. Life Co. v. AEI Life*, LLC, 800 F.3d 99, 107 (3d Cir. 2015) (holding that allegations based on information from another defendant, made on information and belief that the other defendant was not a citizen of the same state as the plaintiffs sufficed to establish diversity).

[35] *See Calender v. NVR, Inc.*, No. 10-4277, 2011 WL 4593759, at *1 n.2 (D.N.J. Sept. 30, 2011)(holding that allegations of severe and permanent bodily injuries left no reason to doubt that the amount of damages met the amount in controversy).

[36] (D.E. 3-2, Pls.' Br., at 8–9).

[37] *Kenny v. Denbo*, No. 16-8578, 2017 WL 65540, at *3 (D.N.J. Jan. 5, 2017)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a *defendant* . . . out of all proportion to the plaintiff's convenience.'"[38] Consequently, the Court rejects the Fullers' *forum non conveniens* argument as procedurally defective.[39]

Moreover, assuming *arguendo*, that the Fullers were defendants, they fail to argue how this forum, in Newark, New Jersey, is any more inconvenient than their chosen forum in New Brunswick, New Jersey. The Fullers are simply arguing that the parties could most conveniently litigate this matter in state court, where related actions are pending, but this Court has previously rejected such arguments.[40]

Next, with regard to required joinder, the Fullers essentially argue that a state court *would* have consolidated this matter with another "indispensable" state action, which *would* have then contained parties that destroy diversity jurisdiction.[41] As discussed above, however, this is not the present status of the case. To the extent, that the Fullers argue that the state case, *Matalon v. Insys*

---

[38] *Id.* (emphasis added)(quoting *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294–95 (3d Cir. 2010)).

[39] *New Jersey Manufacturer's Insurance Co. v. Castlton Environmental Contractors*, LLC, No. 11–2123, 2011 WL 5825898, at *2 (D.N.J. Nov. 16, 2011)("maximum convenience is not the standard by which *forum non conveniens* is determined").

[40] *Id.*

[41] (D.E. 3-2, Pls.' Br., at 14).

*Therapeutics,* contains an "indispensable" party,[42] the Court emphasizes that the Fullers are the plaintiffs in this matter.[43]

Axiomatically, defendants, and not plaintiffs, file Rule 12 motions to dismiss for failure to join a required party.[44] If a plaintiff wishes to add a party that it believes is indispensable, it can seek to dismiss their complaint, without prejudice, and re-file, or seek to amend the complaint.[45] If the Fullers truly believed that Dr. Matalon was indispensable, they should not have voluntarily dismissed her from this case with prejudice.[46] Ultimately, the Fullers' argue that consolidation of the related state cases would be more convenient, but convenience is not a basis to seek remand.

Next, the Fullers contend that the Court should decline jurisdiction in this matter, based on the *Brillhart-Wilton* abstention doctrine.[47] The *Brillhart-Wilton* doctrine pertains to the discretion of the courts to hear actions under the Declaratory Judgment Act,[48] under which "district courts may dismiss, remand or stay claims seeking *declaratory* relief, even though they have subject matter jurisdiction over such claims."[49] Based on a number of factors, such as judicial economy

---

[42] Fed. R. Civ. P. 19.

[43] *Id.*

[44] Fed. R. Civ. P. 12(b)(7).

[45] *See* Fed. R. Civ. P. 41(a); Fed. R. Civ. P. 15(a).

[46] (D.E. 1, Notice of Removal, at ¶ 9).

[47] (D.E. 3-2, Pls.' Br., at 13 (citing *Owen v. Hartford Ins. Co.*, No. 14-924, 2014 WL 2737842, at *2 (D.N.J. June 17, 2014)).

[48] 28 U.S.C. § 2201(a).

[49] *Owen*, 2014 WL 2737842, at *2 (emphasis added); *see also Evanston Ins. Co. v. Van Syoc Chartered*, 863 F. Supp. 2d 364, 367 (D.N.J. 2012).

and efficiency, federal courts may choose "to abstain from hearing a *declaratory judgment action* that turns on an application of state law if the issues in dispute will be addressed in a parallel state court action."[50] This matter, however, is a wrongful death action and does not seek declaratory judgment.[51] Consequently, the Court declines to remand this matter under *Brillhart-Wilton*.

The Fullers' final argument[52] is that the Court should decline jurisdiction pursuant to the *Colorado River* abstention doctrine.[53] Among other situations, the "*Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding,"[54] in cases where the plaintiff seeks legal rather than declaratory relief.[55]

"Whether abstention is appropriate is a two-part inquiry."[56] First, a Court must determine "whether there is a parallel state proceeding that raises substantially identical claims and nearly identical allegations and issues."[57] "Parallel proceedings are those that are 'truly duplicative,' that

---

[50] *Evanston,* 863 F. Supp. 2d at 367.

[51] (D.E. 1-1, Pls.' Compl.).

[52] (D.E. 5, Pls.' Reply, at 7).

[53] *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

[54] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307–08 (3d Cir. 2009); *see also DeHart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1046 (D.N.J. 2011).

[55] *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017).

[56] *Nationwide*, 571 F.3d at 307–08.

[57] *Id.* (internal quotation marks omitted)(citation omitted)(quoting *Spring City Corp. v. American Bldgs. Co.,* 193 F.3d 165, 171 (3d Cir.1999)).

is, when the parties and the claims are 'identical,' or at least 'effectively the same.'"[58] Cases are not parallel where the "federal court case involves claims that are distinct from those at issue in [the] state court case," such as where the parties "employ substantially different approaches which might achieve potentially different results."[59] "If the proceedings are parallel, courts then look to a multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present."[60]

Applying these principles, the Court finds that the state case, *Matalon v. Insys Therapeutics, Inc., et al.*,[61] is not parallel with the present case. Although at some point, the two cases may have had the same parties, that is no longer the case. The Fullers voluntarily dismissed with prejudice Dr. Matalon from this litigation.[62] In contrast, Dr. Matalon remains a party in the *Matalon* case, where Dr. Matalon is the plaintiff and in which the Fullers are not parties.[63] Further, in the *Matalon* case, Linden Care remains a defendant, along with an individually sued employee.[64]

The Fullers strongly emphasize their belief that a state court would have consolidated these two cases, but under *Colorado River*, parallelism "focuses on matters as they currently exist, not as they could be modified," or how they "could have been brought in theory."[65] The Third Circuit

---

[58] *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 285 (3d Cir. 2017).

[59] *Id.* (internal quotation marks omitted).

[60] *Nationwide*, 571 F.3d at 307–08.

[61] (D.E. 3-6, *Matalon* Compl.).

[62] (D.E. 1, Notice of Removal, at ¶ 9).

[63] (D.E. 3-6, *Matalon* Compl.).

[64] *Id.*

[65] *Kelly*, 868 F.3d at 285.

has held that, "a state proceeding does not parallel a federal proceeding just because there is the *potential* that issues in the latter may arise in the former."[66] As the matters currently exist, the parties in the two cases are not "substantially similar."[67]

Additionally, the Court finds that the two cases do not involve "identical" or "effectively the same claims."[68] The present case is a wrongful death action based on claims that Insys engaged in deceptive marketing practices and failed to adequately warn Sarah Fuller about Subsys. The case will require, among other things, an analysis of the warnings and information provided to Sarah and her family, evidence about communications from Insys to Sarah, an analysis of Sarah's self-medication issues, and evidence of wrongful-death and survivor damages.[69]

In contrast, in the *Matalon* case, Dr. Matalon seeks economic damages resulting from the loss of her medical license.[70] Dr. Matalon argues that Insys fraudulently induced her to change her Subsys prescribing practices, which eventually caused the New Jersey Office of the Attorney General to seek the suspension of her medical license.[71] Ultimately, Dr. Matalon entered into an agreement with that office to relinquish her medical license.[72]

The Fullers and Dr. Matalon are employing substantially different approaches in each case. The Fullers allege that Dr. Matalon intentionally disregarded the general and patient-specific risks

---

[66] *Id.* (emphasis in original).

[67] *Id.*

[68] *Id.*

[69] N.J.S.A. § 2A:31-5; N.J.S.A. § 2A:15-3.

[70] (D.E. 3-6, Matalon Compl.).

[71] (D.E. 3-6, Matalon Compl., at ¶ 50).

[72] (D.E. 3-6, Matalon Compl., at ¶ 51).

of Subsys,[73] whereas in the *Matalon* case, Dr. Matalon claims that she did not understand the risks of Subsys.[74] These approaches could certainly achieve different results, both in terms of damages and in their ultimate success or failure.

At oral argument, the Fullers maintained that the Court should decline jurisdiction because of another, allegedly parallel state case, *Porrino v. Insys Therapeutics, Inc*. In that case, the Attorney General of New Jersey filed suit against Insys for violations of New Jersey's consumer fraud and false claims Acts.[75] The Attorney General of New Jersey filed suit on October 5, 2017, *after* Insys had removed this case to Federal Court.[76]

A review of the *Porrino* complaint reveals that the parties are not substantially similar to the present case. The State of New Jersey is the plaintiff in *Porrino*, while the Fullers are not parties in that matter, and *vice versa*.[77] Although the State of New Jersey and the Fullers are suing Insys for alleged misrepresentations, they have substantially different claims and seek different relief. For example, the State of New Jersey brings its claims under the New Jersey Consumer Fraud Act and New Jersey False Claims Act, on behalf of all New Jersey residents, as well as the State's health benefits and worker's compensation programs, and seeks injunctive relief.[78]

In contrast, the Fullers make no claims under New Jersey's consumer fraud or false claims acts, and only seek damages as to Sarah Fuller under negligence, common law fraud, and ordinary

---

[73] (D.E. 1-1, Pls.' Compl., at ¶ 73).

[74] (D.E. 3-6, *Matalon* Compl., at ¶ 42, ¶ 53).

[75] (D.E. 3-10, *Porrino* Compl.).

[76] *Id.*

[77] (Compare D.E. 3-10, *Porrino* Compl., at ¶¶ 10-12, *with* D.E. 1-1, Pls.' Compl., at ¶¶ 1-12).

[78] (D.E. 3-10, *Porrino* Compl., at ¶ 8, ¶ 225).

negligent misrepresentation principles, as to Sarah Fuller.[79] The parties in each case take "different approaches" that could very well achieve different results.[80] Accordingly, the Court finds that the parties and claims in the *Porrino* case are not parallel to those in the present case.

Consequently, "while certain issues [in this case] may be identical to issues that have been or will be raised . . . in state court, the lack of identity of all issues necessarily precludes *Colorado River* abstention."[81] Thus, having found that the present case is not parallel with either the *Matalon* or *Porrino* case, the Court need not determine whether "extraordinary circumstances" merit abstention under the second part of the *Colorado River* doctrine.[82]

### IV.    RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that the Fullers' motion to remand be **DENIED**.[83]

The parties have fourteen days to file and serve any objections to this report and recommendation.[84] "The District Court need not consider frivolous, conclusive, or general

---

[79] (D.E. 1-1, Pls.' Compl.).

[80] *Nationwide*, 571 F.3d at 307–08; *see also Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 385 (D.N.J. 2015)(finding that cases were not parallel because the federal court plaintiffs sought money damages, while the state court plaintiff did not seek damages).

[81] *Univ. of Maryland at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991).

[82] *Nationwide*, 571 F.3d at 308.

[83] (D.E. 3).

[84]  28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

objections."[85]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/18/2018 5:13:57 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[85] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).